IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANET WILSON,

        Plaintiff,

vs.

KIMMIE JONES,

        Defendant.

4:21-CV-3000

MEMORANDUM AND ORDER

      This matter is before the Court on its own motion on initial review of the defendant's removal of this state court action. The underlying state court case is a garden-variety state-law dispute between two residents of Lincoln, Nebraska, over an allegedly unpaid lease. Filing 1 at 7-8. But the defendant seeks to remove the case to federal court, claiming federal question jurisdiction and citing several federal statutes. Filing 1 at 3.

      The Court is obliged to consider whether it has subject matter jurisdiction when the Court believes jurisdiction may be lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011); *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). And in this case, federal question jurisdiction is plainly absent.

      Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction. *Thomas*, 743 F.3d at 1139; *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. When federal law

creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal question jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012). In such an instance, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 128 (1974). Or, a state-law claim can give rise to federal question jurisdiction so long as it appears from the complaint that the right to relief "really and substantially" depends upon the construction of application of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13 (2005). In other words, the plaintiff's right to relief must *necessarily* depend on resolving a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

Those conditions aren't present here. Instead, the defendant is invoking federal laws as defenses to the plaintiff's state-law claim, accusing the plaintiff of "[p]roceeding with eviction in violation of Federal protected rights. . . ." Filing 1 at 4. But it's "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393. Indeed,

> a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 399. The defendant cannot remove this case to this Court on such grounds. Accordingly,

IT IS ORDERED:

1. This case is remanded to the County Court of Lancaster County, Nebraska.

2. The Clerk of the Court is directed to remand this case without delay.

3. The defendant's motion for leave to proceed in forma pauperis (filing 2) is denied as moot.

4. A separate judgment will be entered.

Dated this 5th day of January, 2021.

                                         BY THE COURT:

                                         John M. Gerrard
                                         Chief United States District Judge